IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOW AGROSCIENCES LLC, et al.,                    )
                                                 )
            Plaintiffs,                          )
                                                 )
v.                                               )        Civ. No. 09-CV-824-AW
                                                 )
NATIONAL MARINE FISHERIES SERVICE, et al.,       )
                                                 )
            Defendants,                          )
                                                 )
_____)

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE

Federal Defendants, National Marine Fisheries Service, and James W. Balsiger, in his official

capacity as Acting Assistant Administrator of the National Marine Fisheries Service (collectively

"NMFS"), by and through counsel, provide the following response to Plaintiffs' Motion to Expedite

Disposition (Doc. No. 4) ("Plfs' Motion").  NMFS does not oppose expeditious resolution of this

litigation, even though Plaintiffs have not met the standard for such a motion.  However, we do oppose

the schedule proposed by Plaintiffs for several reasons.  Therefore, we attach hereto an alternate

schedule that will still allow for expeditious resolution of the litigation, while at the same time be more

equitable to both parties and avoid unnecessary waste of judicial and party resources.

## I.    PLAINTIFFS HAVE NOT MET THE STANDARD FOR EXPEDITING.

Under Plaintiffs' own formulation, they have not met the standard for expediting review in this

case.  Pursuant to that standard, expedition should be granted where "necessary" or "if good cause [ ] is

shown." Plfs' Motion at 1.  Plaintiffs further explain that "good cause should be found 'in a case in

which failure to expedite would result in extraordinary hardship to a litigant.'"  Id. at 2.  None of

Plaintiffs' proffered reasons why the Court should expedite rise to the level of "extraordinary hardship."[1] Moreover, any hardship Plaintiffs may face due to timing is of their own creation given their delay in initiating this suit.

As Plaintiffs acknowledge, NMFS issued the biological opinion they seek to challenge in this case on November 18, 2008. Plfs' Motion at 3. Yet, they inexplicably waited to file this lawsuit until April 1, 2009, over four months after the biological opinion came out. In that opinion, NMFS concluded that the Environmental Protection Agency's ("EPA") registrations of pesticides containing the active ingredients chlorpyrifos, malathion, and diazanon are likely to jeopardize the continued existence of Pacific salmonid species listed under the Endangered Species Act, and result in the adverse modification or destruction of the species' designated critical habitat. See 16 U.S.C. § 1536(a)(2). NMFS proposed a reasonable and prudent alternative ("RPA") to the proposed action to avoid the likelihood of jeopardy and adverse modification, and gave EPA one year to decide whether to adopt the RPA.[2] Id. § 1536(b)(3)(A).

Plaintiffs now seek expedition of the lawsuit so that the Court can reach a decision before this one year deadline expires, when it is they that have wasted over four months of that time period. Where

---

[1] For example, in assessing the analogous possibility of "irreparable harm" the Supreme Court has stated repeatedly that economic costs and the costs of participating in administrative proceedings do not qualify. Federal Trade Comm'n v. Standard Oil Co. of California, 449 U.S. 232, 244 (1980) ("the expense and annoyance of litigation is part of the social burden of living under government. As we recently reiterated: Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (internal citations and quotations omitted).

[2] If EPA decides to adopt the RPA, which requires changes to pesticide labeling, it must take an action under the Federal Insecticide, Fungicide, and Rodenticide Act to effectuate the RPA. See 7 U.S.C. § 136a(c)(2), 136d(c).

Plaintiffs themselves have created the exigent circumstances, the Court should find that Plaintiffs fail to meet the standard for expedited review.

## II. EVEN THOUGH PLAINTIFFS HAVE NOT MET THE STANDARD FOR EXPEDITING, NMFS IS WILLING TO AGREE TO EXPEDITION PURSUANT TO A REASONABLE SCHEDULE.

Although Plaintiffs have not met the standard for expediting review, NMFS does not oppose expedition *per se*. Rather, we oppose Plaintiffs' proposed schedule because it prejudices NMFS and is incompatible with the federal and local rules. NMFS therefore proposes the following schedule, which provides for expedition, and is equitable to both parties and the Court:[3]

1.  Defendants shall file either a motion to dismiss or an answer to Plaintiffs' Complaint by June 8, 2009.

2.  If Defendants file a motion to dismiss, the parties shall follow the local rules with respect to the deadlines for filing the opposition and reply memoranda. The parties will file a schedule for summary judgment briefing within a week of an order denying Defendants' motion, if any.

3.  If Defendants do not file a motion to dismiss, the following deadlines shall apply:
    Defendants will file the administrative record by August 7, 2009;
    Plaintiffs will file a motion for summary judgment by August 28, 2009;
    Defendants will file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment by September 25, 2009;

---

[3] NMFS agrees with Plaintiffs that the merits of their suit are properly resolved on cross-motions for summary judgment rather than by trial *de novo*. Plfs' Motion at 6. Review of Plaintiffs' challenge to NMFS' biological opinion is governed by the standards in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). See City of Las Vegas v. Lujan, 891 F.2d 927, 932 (D.C. Cir. 1989) (noting that "all action by the Secretary taken pursuant to the Endangered Species Act is subject to 'arbitrary and capricious' style review under the Administrative Procedure Act"). Resolution by summary judgment "is especially appropriate in actions brought under the APA for judicial review, where 'the focal point . . . should be the administrative record already in existence, not some new record made initially in the reviewing court.'" New West Materials, LLC v. Interior Bd. of , 398 F. Supp. 2d 438, 442 (E.D. Va. 2005) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

> Plaintiffs will file a combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment by October 16, 2009; and
> Defendants will file a reply in support of their cross-motion for summary judgment by November 6, 2009.

Plaintiffs are trying to make NMFS and the Court bear the burden of their own four-plus month delay by proposing a patently unreasonable schedule. To begin with, Plaintiffs' proposal gives NMFS less than 30 of the 60 days provided by the Federal Rules of Civil Procedure for filing their answer. Plaintiffs served their complaint on the U.S. Attorney's Office on April 8, 2009. Doc. No. 18. NMFS' answer is therefore due June 8, 2009. Fed. R. Civ. Pro. 12(a)(2). Yet, Plaintiffs' proposed schedule asks the Court to order NMFS to file an answer on May 1, 2009.[4] Doc. No. 4-2. NMFS' proposed schedule appropriately sets the deadline for filing the answer or a motion to dismiss as June 8, 2009.

Next, while Plaintiffs' proposed schedule ostensibly includes a deadline for filing motions to dismiss, it effectively eliminates the value of and reason for filing a motion to dismiss by making the briefing on motions to dismiss concurrent with briefing motions for summary judgment. Id. NMFS is currently evaluating whether to file a motion to dismiss on threshold jurisdictional grounds of ripeness and/or preclusion of review. Though NMFS has not yet made a final decision whether to file a motion to dismiss, these issues certainly warrant further investigation. If NMFS files a motion to dismiss on either or both of these grounds, the Court should allow for briefing and resolution of these threshold jurisdictional issues before setting deadlines for filing of the administrative record and summary

---

[4] NMFS notes that this May 1, 2009 date is also inconsistent with Plaintiffs' own statement that their proposed schedule gives NMFS the full time under the federal rules to file their answer. Plfs' Motion at 7 (stating that "Plaintiffs' proposed schedule maintains the Federal Rule of Civil Procedure's extended sixty day deadline to answer").

judgment briefing, as these may ultimately prove unnecessary.[5]  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 93-94 (1998) (court should not review the merits of a claim until the court has determined that it has jurisdiction to do so).

Requiring NMFS to file a record and brief summary judgment even if they file a motion to dismiss would potentially be a waste of limited agency resources.  Plaintiffs erroneously contend that the task of producing the administrative record for filing is fairly simple.  Plfs' Motion at 6-7.  What they fail to acknowledge is that NMFS is under an independent burden from EPA to compile its record, that NMFS staff have significant competing demands to compiling and indexing the record in this case, and that NMFS' agency counsel would be required to review the record as well before filing.  Similarly, moving straight into summary judgment briefing before resolution of a motion to dismiss would require Department of Justice counsel and the agency to potentially waste a substantial amount of time on briefing.  Accordingly, NMFS' proposed schedule moves up the deadline for filing a motion to dismiss, and provides that if NMFS files a motion to dismiss, that that motion be resolved before any deadlines for filing the record or summary judgment be imposed.  Significantly, if NMFS does not file a motion to dismiss, our proposed schedule calls for prompt filing of the administrative record and a subsequent summary judgment briefing schedule.

Finally, any summary judgment briefing schedule the Court sets should be a staggered briefing schedule.  Local Rule 105(2)(c).  If NMFS decides not to file a motion to dismiss, or if the Court were to deny such a motion, NMFS intends to cross-move for summary judgment.  Plaintiffs' proposed schedule

---

[5] Notably, neither the federal rules, nor the local rules contain any requirement that an administrative record be filed within any particular time frame.

contains a simultaneous schedule, whereby the parties would file summary judgment motions, oppositions, and replies at the same time. Doc. No. 4-2. This plainly conflicts with the local rules. In contrast, as required by the local rules, NMFS' proposed schedule contains an alternative, staggered briefing schedule for summary judgment motions that the parties would follow if NMFS decides not to file a motion to dismiss.[6]

## III. CONCLUSION

For all the foregoing reasons, NMFS respectfully requests that the Court deny Plaintiffs' motion and adopt NMFS' proposed schedule.

ROD J. ROSENSTEIN
United States Attorney
LARRY D. ADAMS
Assistant U.S. Attorney
U.S. Attorney's Office
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

---

[6] In addition to being consistent with the local rules, NMFS' proposed staggered briefing schedule ensures the timely resolution of this lawsuit while allowing each party to efficiently present their arguments to the Court. By staggered the filing of briefs, only a total of four briefs will need to be filed, instead of a total of six briefs were the parties to file contemporaneous cross-motions for summary judgment. Similarly, each brief will respond to the arguments in the prior brief, rather than cross in the mail. Moreover, since Plaintiffs must carry the burden in challenging NMFS' decision, Plaintiffs would file their motion for summary judgment first, in which they will raise all of their arguments and claims that challenge the decision.

＿＿＿＿/s/ Meredith L. Flax＿＿＿＿＿＿＿＿＿＿
MEREDITH L. FLAX
Trial Attorney (D.C. Bar # 468016)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-0663
(202) 305-0404

*Attorneys for Federal Defendants*

OF COUNSEL:
Pamela Lawrence
NOAA General Counsel's Office
Silver Spring, MD

DOW AGROSCIENCES LLC, et al.,               )
                                            )
                    Plaintiffs,             )
                                            )
v.                                          )        Civ. No. 09-CV-824-AW
                                            )
NATIONAL MARINE FISHERIES SERVICE, et al.,  )
                                            )
                    Defendants,             )
                                            )
_____     )

## <u>CERTIFICATE OF SERVICE</u>

To the Court, the parties, and their attorneys of record:

I certify that on this 20th day of April, 2009, a copy of the foregoing Opposition to Plaintiffs'

Motion to Expedite Disposition was sent automatically by the CM/ECF system to the following

attorneys of record:

***David Eric Markert***
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
dmarkert@wileyrein.com

***David B Weinberg***
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
dweinberg@wileyrein.com

***Eric Andreas***
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
eandreas@wileyrein.com

***P Nicholas Peterson***
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
npeterson@wileyrein.com

***Deborah Brand Baum***
Pillsbury Winthrop Shaw Pittman LLP
2300 N St NW
Washington, DC 20037
deborah.baum@shawpittman.com

***David E Menotti***
Pillsbury Winthrop Shaw Pittman LLP
2300 N St NW
Washington, DC 20037
david.menotti@pillsburylaw.com

     /s/ Meredith L. Flax
MEREDITH L. FLAX