IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |
|---|---|
| DOW AGROSCIENCES LLC, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 8:09-cv-824-AW |
| NATIONAL MARINE FISHERIES SERVICE, et al. | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION TO EXPEDITE DISPOSITION**

Plaintiffs Dow AgroSciences LLC, Makhteshim Agan of North America, Inc., and Cheminova, Inc., provide the following reply in support of their Motion to Expedite Disposition ("Motion") (Doc. #4).

Defendants concede that they do not oppose the expeditious resolution of this case. Defs' Response at 1. Yet Defendants essentially ignore Plaintiffs' reasons for good cause and insist on a schedule that likely ensures that resolution of this case does not occur until the operative deadline has passed.

**I.   THERE IS GOOD CAUSE TO EXPEDITE**

Defendants ignore most of the reasons set forth by Plaintiffs demonstrating that there is good cause to expedite the disposition of this case. Defs' Response at 2. One such reason is the real threat of civil and criminal liability that looms over Plaintiffs. As Plaintiffs explained in their Motion to Expedite, EPA has the burden of implementing Defendants' Reasonable and Prudent Alternatives

("RPAs") and Reasonable and Prudent Measures ("RPMs") in the Biological Opinion. Motion at 3. As it now stands, however, Plaintiffs' are not likely to agree to implement those recommendations voluntarily because of their illegal nature.

As a result, if this case remains unresolved beyond the November 18, 2009 deadline for implementing the RPAs and RPMs, there is the real possibility that both Plaintiffs and their customers (those that use the products near salmonid habitat) would be subject to severe civil and criminal liability for an illegal taking under the Endangered Species Act. 16 U.S.C. §§ 1538(a)(1)(B), 1540(a)-(b); *see also Bennett v. Spear*, 520 U.S. 154, 170 (1997) ("'any person' who knowingly 'takes' an endangered or threatened species is subject to substantial civil and criminal penalties, including imprisonment."). Moreover, enforcement of the statute's "taking" prohibition need not await government action – the ESA provides for a private right of action. 16 U.S.C. § 1540(g).

## II. DEFENDANTS' PROPOSED SCHEDULE ASSURES THAT A DECISION WOULD NOT BE REACHED UNTIL AFTER THE DEADLINE HAS PASSED

Defendants agree with Plaintiffs that this case can be resolved on cross-motions for summary judgment. Defs' Response at 3. Plaintiffs agree with Defendants on the order (not the dates) for filing summary judgment briefs. *Id*. at 3-4. Plaintiffs also agree that Defendants may have the full sixty days to file an answer to the Complaint (*i.e.*, until June 8, 2009). *Id*. at 4. There are two roadblocks for reaching a mutually-agreeable proposed schedule.

The first is Defendants' insistence on a separate schedule for motions to dismiss before being required to produce the record. *Id*. at 3. This would potentially allow Defendants to postpone any resolution of the merits for several months, and beyond the November deadline by simply filing a thin motion to dismiss. The better use of the *Court's* time would be for Defendants to simply include their jurisdictional defense in their answer and then as part of their cross-motion. This would allow the Court

2

to resolve the case in a single set of filings, instead of two as Defendants suggest. For example, if Defendants had their way, the Court likely will be required to schedule and participate in two separate hearings (one for the motion to dismiss and one for summary judgment) and potentially write two separate opinions (again, one for the motion to dismiss and one for summary judgment). It would be far more efficient for the Court for all the issues to be addressed in a single set of briefs and a single hearing.

The second roadblock is Defendants' reluctance to produce the record. Defendants have been effectively on notice since Defendant National Marine Fisheries Service ("NMFS") published the draft Biological Opinion in September, 2008 that there likely would be litigation challenging their decision. For example, the comments on the draft Biological Opinion filed by Plaintiffs Dow AgroSciences LLC ("DAS") and Makhteshim Agan of North America, Inc. ("MANA") describe NMFS' utter failing to consider "an enormous amount of pertinent and reliable information" and that both DAS and MANA were going to "insist on full and meaningful compliance with NMFS' regulations and the ESA." Comments of Dow AgroSciences LLC and Makhteshim Agan of North America on Draft Biological Opinion at 2-3 (attached as Ex. 1). Even more direct messages were delivered in the two subsequent meetings with NMFS.[1]

Thus, Defendants have effectively been on notice since mid-September, 2008 that there would likely be a challenge to the Biological Opinion. Defendants' proposed date of August 7, 2009 to

---

[1] In its September 15, 2008 comments on the draft Biological Opinion, EPA also took NMFS to task: "First, we have serious questions and doubts about the support for NMFS' conclusion that these three pesticides jeopardize all of these species and adversely modify their critical habitat. Second, the Draft provides no basis from which to have a meaningful discussion of RPAs since it fails to identify a level of exposure to these pesticides that would not result, in NMFS opinion, in jeopardy to the species. Without a target level of exposure, there could be no basis for agreement between our agencies that any alternative was either necessary or appropriate." Letter from Debra Edwards to James Lecky at 1 (Sept. 15, 2008) (attached as Ex. 2).

produce the record (that is if they do not file a motion to dismiss) would give them nearly a year's time to supplement the record that already has been compiled by EPA and frankly cannot be very large.[2] It thus is not unduly burdensome to require Defendants to produce the record on June 8, 2009, which would coincide with the deadline for answering the Complaint.

## III. CONCLUSION

For these reasons, and those previously stated, Plaintiffs request that the Court grant the Motion to Expedite Disposition.

---

[2] This is evidenced by the fact that the docket already opened by EPA consists of under 150 entries (39 separate documents with attachements). *See* www.regulations.gov (search docket number EPA-HQ-OPP-2008-0654).

<table>
<tr><td>

Guy Relford, Esq.
Dow AgroSciences, LLC
9330 Zionsville Road
Indianapolis, IN 46268

Michael Grisham, Esq.
Dow AgroSciences, LLC
9330 Zionsville Road
Indianapolis, IN 46268

*Of Counsel for DOW AGROSCIENCES LLC*

Mark Hough, Esq.
Makhteshim Agan of North America, Inc.
4515 Falls of Neuse Road
Suite 300
Raleigh, NC 27609

*Of Counsel for MAKHTESHIM AGAN OF NORTH AMERICA, INC.*

</td><td>

Respectfully submitted,

   /s/ *David E. Markert*
David E. Markert  (Bar #17016)
David B. Weinberg (*pro hac vice*)
Eric Andreas (*pro hac vice*)
P. Nicholas Peterson (*pro hac vice*)
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (fax)

*Attorneys for Plaintiffs DOW AGROSCIENCES LLC and MAKHTESHIM AGAN OF NORTH AMERICA, INC.*

   /s/ *Deborah B. Baum*
Deborah B. Baum  (Bar #05694)
David Menotti (*pro hac vice*)
Warren U. Lehrenbaum (admission pending)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
(202) 663-8007 (fax)

*Attorneys for Plaintiff CHEMINOVA, INC. USA*

</td></tr>
</table>

April 22, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2009, the foregoing Reply in Support of Motion to Expedite Disposition was served upon the following via the Court's ECF system:

Meredith Lisa Flax
U.S. Department of Justice
ENRD Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044
meredith.flax@usdoj.gov

                                                      */s/ David E. Markert*
                                                    David E. Markert
                                                    Wiley Rein LLP

12987824.2