IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOW AGROSCIENCES LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 09-CV-824-AW |
| ) | |
| NATIONAL MARINE FISHERIES SERVICE, *et al.*, ) | |
| ) | |
| Defendants,[1/] ) | |
| ) | |
| _____) | |

**<u>ANSWER</u>**

Federal Defendants, National Marine Fisheries Service, and Eric C. Schwaab, in his official capacity as Assistant Administrator of the National Marine Fisheries Service (collectively "NMFS"), in response to the allegations in the Complaint for Declaratory and Other Relief Under the Administrative Procedure Act ("Complaint") state as follows:

1. The allegations in paragraph 1 constitute plaintiffs' characterization of their lawsuit, to which no response is required.

2. The allegations in paragraph 2 characterize NMFS' November 18, 2008 biological opinion on the effects of the registration under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") of pesticide products containing chlorpyrifos, malathion, and diazinon on 27 evolutionarily significant units of listed salmonid species ("2008 BiOp"), a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation in paragraph 2 that is inconsistent with the plain language and

---

[1/] Per Federal Rule of Civil Procedure 25(d), Eric C. Schwaab is automatically substituted for James W. Balsiger as Assistant Administrator of the National Marine Fisheries Service.

meaning, and context of that document.

3. NMFS denies the allegations in the first through third sentences of paragraph 3. The allegations in the fourth sentence of paragraph 3 constitute the relief plaintiffs are seeking in this lawsuit, to which no response is required. To the extent a response is required, NMFS denies plaintiffs are entitled to the relief requested, or to any relief whatsoever.

4-5. The allegations in paragraphs 4 and 5 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations.

6. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the allegations in the first through fifth sentences of paragraph 6 and on that basis deny them. In response to the allegations in the sixth sentence of paragraph 6, NMFS admits that plaintiff Dow AgroSciences L.L.C. provided studies and related materials to NMFS, and participated in meetings with NMFS staff after release of the draft 2008 BiOp, but otherwise deny the allegations in the sixth sentence of paragraph 6.

7. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the allegations in the first through sixth sentences of paragraph 7 and on that basis deny them. In response to the allegations in the sixth sentence of paragraph 7, NMFS admits that plaintiff Makhteshim Agan of North America, Inc. provided studies and related materials to NMFS, and participated in meetings with NMFS staff after release of the draft 2008 BiOp, but otherwise deny the allegations in the sixth sentence of paragraph 7.

8. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the allegations in the first through sixth sentences of paragraph 8 and on that basis deny them. In response

to the allegations in the seventh sentence of paragraph 8, NMFS admits that plaintiff Cheminova, Inc. USA provided studies and related materials to NMFS, and participated in meetings with NMFS staff after release of the draft 2008 BiOp, but otherwise deny the allegations in the sixth sentence of paragraph 8.

9. NMFS admits the allegations in the first sentence of paragraph 9. The allegations in the second sentence of paragraph 9 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations.

10. In response to the allegations in paragraph 10, NMFS denies that James W. Balsiger is the Acting Assistant Administrator of NMFS, aver that Eric C. Schwaab is the Assistant Administrator of NMFS, and otherwise admit the allegations in paragraph 10.

11. The allegations in the first sentence of paragraph 11 purport to characterize a portion of the Administrative Procedure Act, a statute that speaks for itself and is the best evidence of its content. NMFS denies any allegation in the first sentence of paragraph 11 that is inconsistent with the plain language, meaning, and context of that statute. The allegations in the second sentence of paragraph 11 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations.

12. The allegations in paragraph 12 purport to characterize Section 7 of the Endangered Species Act ("ESA Section 7"), and its implementing regulations at 50 C.F.R. part 402 ("Section 7 regulations"), documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

13. NMFS admits the allegations in the first and second sentences of paragraph 13. The third, fourth,

and fifth sentences of paragraph 13 purport to characterize the Section 7 regulations and the Section 7 Handbook, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

14. The allegations in paragraph 14 purport to characterize ESA Section 7, the Section 7 regulations, and the Section 7 Handbook, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

15. The allegations in paragraph 15 purport to characterize ESA Section 7, the Section 7 regulations, and the Section 7 Handbook, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

16. The allegations in paragraph 16 purport to characterize the Data Quality Act and the National Oceanic and Atmospheric Administration's Information Quality Guidelines ("IQGs"), documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

17. The allegations in paragraph 17 purport to characterize ESA Sections 7 and 9, and NMFS' regulations at 50 C.F.R. § 222.102, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

18. The allegations in paragraph 18 purport to characterize ESA Section 7 and the Section 7

regulations, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

19. The allegations in paragraph 19 purport to characterize ESA Section 7 and the Section 7 regulations, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

20. The allegations in the first and second sentences of paragraph 20 purport to characterize the Section 7 regulations, a document that speaks for itself and is the best evidence of its contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those regulations. The allegations in the third sentence of paragraph 20 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations in the third sentence of paragraph 20.

21. The allegations in paragraph 21 purport to characterize FIFRA and its implementing regulations, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of those documents.

22. NMFS admits the allegations in paragraph 22.

23. The allegations in the first sentence of paragraph 23 purport to characterize FIFRA, a statute that speaks for itself and is the best evidence of its contents. NMFS denies any allegation in the first sentence of paragraph 23 that is inconsistent with the plain language, meaning, and context of those documents. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the

allegations in the second through sixth sentences of paragraph 23 and on that basis deny them.

24. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the allegations in the first through sixth, and eighth sentences of paragraph 24 and on that basis deny them. The allegations in the seventh sentence of paragraph 24 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations in the seventh sentence of paragraph 24.

25. NMFS lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and sixth sentences of paragraph 25, and on that basis deny them. The allegations in the third sentence of paragraph 25 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that document. NMFS admit the allegations in the fourth sentence of paragraph 25 and aver that EPA requested initiation of consultation for registration of diazinon in 2002, chlorpyrifos in 2003, and malathion in 2004. The allegations in the fifth sentence of paragraph 25 are vague and ambiguous, and NMFS denies them on that basis. NMFS admits the allegations in the seventh and eighth sentences of paragraph 25. The allegations in the ninth sentence of paragraph 25 purport to characterize the EPA's Interim Reregistration Eligibility Determinations for diazinon and chlorpyfiros, documents that speak for themselves and are the best evidence of their content. NMFS denies any allegation in the ninth sentence of paragraph 25 that is inconsistent with the plain language, meaning, and context of those documents. NMFS admits the allegation in the tenth sentence of paragraph 25 that the EPA's Organophosphate ("OP") Cumulative Risk Assessment 2006 Update had not been completed by May of 2004, but aver that EPA completed its Revised OP

Cumulative Risk Assessment for the OP group of pesticides in 2002. NMFS admits the allegation in the eleventh sentence of paragraph 25 that EPA completed its OP Cumulative Risk Assessment 2006 Update in July 2006 but aver that the document was issued in August of 2006. NMFS admits the allegations in the twelfth through fourteenth sentences of paragraph 25.

26. NMFS lacks information and knowledge sufficient to form a belief as to the truth or the allegations in paragraph 26, and on that basis denies them.

27. The allegations in the first through third sentences of paragraph 27 purport to characterize the Reregistration Eligibilty Determinations for chlorpyrifos, diazinon, and malathion, documents that speaks for themselves and are the best evidence of their content. NMFS denies any allegation in the first through third sentences of paragraph 27 that is inconsistent with the plain language, meaning, and context of those documents. The allegations in the fourth sentence of paragraph 27 purport to characterize FIFRA, a statute that speaks for itself and is the best evidence of its content. NMFS denies any allegation in the fourth sentence of paragraph 27 that is inconsistent with the plain language, meaning, and context of FIFRA. The allegations in the fifth and sixth sentences of Paragraph 27 are vague and ambiguous, and NMFS denies them on that basis.

28. The allegations in the first and second sentences of paragraph 28 are vague and ambiguous, and NMFS denies them on that basis. The allegations in the third through fifth sentences of paragraph 28 constitute conclusions of law, which require no response. To the extent a response is required, NMFS denies the allegations.

29. The allegations in the first sentence of paragraph 29 characterize a complaint filed in the U.S. District Court for the Western District of Washington, a document that speaks for itself and is the best

evidence of its contents. NMFS denies any allegation in the first sentence of paragraph 29 that is contrary to the plain language, meaning, and context of that document. The allegations in the second sentence of paragraph 29 purport to characterize an order issued by the U.S. District Court for the Western District of Washington, a document that speaks for itself and is the best evidence of its contents. NMFS denies any allegation in the second sentence of paragraph 29 inconsistent with the plain language, meaning, and context of that document.

30. In response to the allegations in paragraph 30, NMFS admits that on November 29, 2002, EPA made a Section 7 formal consultation request to NMFS relating to the registered uses of diazinon. The remaining allegations in paragraph 30 purport to characterize the EPA's November 29, 2002 letter, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that letter.

31. In response to the allegations in paragraph 31, NMFS admits that on April 14, 2003, EPA made a Section 7 formal consultation request to NMFS relating to the registered uses of chlorpyrifos. The remaining allegations in paragraph 31 purport to characterize the EPA's April 14, 2003 letter, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that letter.

32. The allegations in paragraph 32 purport to characterize a decision by the U.S. District Court for the Western District of Washington, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that document.

33. In response to the allegations in paragraph 33, NMFS admits that on December 1, 2004, EPA

made a Section 7 formal consultation request to NMFS relating to the registered uses of the active ingredient malathion. The remaining allegations in paragraph 33 purport to characterize the EPA's December 1, 2004 letter, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that letter.

34. The allegations in paragraph 34 are vague and ambiguous, and NMFS denies them on that basis.

35. The allegations in the first sentence of paragraph 35 characterize a complaint filed in the U.S. District Court for the Western District of Washington, a document that speaks for itself and is the best evidence of its contents. NMFS denies any allegation in the first sentence of paragraph 35 that is contrary to the plain language, meaning, and context of that document. The allegations in the second, third, and fourth sentences of paragraph 35 purport to characterize an agreement entered in a case in the U.S. District Court for the Western District of Washington, a document that speaks for itself and is the best evidence of its contents. NMFS denies any allegation in the second, third, and fourth sentences of paragraph 35 inconsistent with the plain language, meaning, and context of that document.

36. In response to the allegations in the first sentence of paragraph 36, NMFS admits that, on July 31, 2008, NMFS publicly released a draft of the 2008 BiOp, to EPA. The remaining allegations in paragraph 36 purport to characterize the draft 2008 BiOp, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that document.

37. The allegations in paragraph 37 purport to characterize the draft 2008 BiOp, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation inconsistent with the plain language, meaning, and context of that document.

38. In response to the allegations in the first sentence of paragraph 38, NMFS admits that it did not provide a copy of the draft 2008 BiOp to plaintiffs or EPA before releasing the draft to EPA on July 31, 2008. NMFS denies the allegations in the second and fourth sentences of paragraph 38. In response to the allegations in the third sentence of paragraph 38, NMFS admits that it did not provide notice to plaintiffs before releasing the draft 2008 BiOp to EPA on July 31, 2008.

39. NMFS lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 39. In response to the allegations in the second sentence of paragraph 39, NMFS admits that in response to a request from plaintiffs' counsel, NMFS and EPA participated in a meeting with plaintiffs on August 29, 2008 in Arlington, VA. NMFS admits the allegations in the third through sixth sentences of paragraph 39.

40. NMFS admits the allegations in the first and second sentences of paragraph 40 and aver that the October 2, 2008 meeting occurred in Arlington, VA. NMFS denies the allegations in the third and four sentences of paragraph 40.

41. NMFS admits the allegations in the first through third sentences of paragraph 41. NMFS denies the allegations in the fourth and fifth sentences of paragraph 41.

42. NMFS admits the allegations in the first, second, and fourth sentences of paragraph 42. NMFS denies the allegations in the third and fifth sentences of paragraph 42.

43. In response to the allegations in paragraph 43, NMFS admits only that it sought and was granted an extension for the release of the final 2008 BiOp by order of the U.S. District Court for the Western District of Washington on October 27, 2008, in the case described in paragraph 35. NMFS denies the remainder of the allegations in paragraph 43.

44.     In response to the allegations in the first sentence of paragraph 44, NMFS admits that it released the final 2008 BiOp to EPA on November 18, 2008.  The allegations in the second and third sentences of paragraph 44 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.  NMFS denies the allegations in the fourth sentence of paragraph 44.

45.     The allegations in paragraph 45 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

46.     The allegations in paragraph 46 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

47.      The allegations in paragraph 47 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

48.     The allegations in paragraph 48 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

49.     The allegations in paragraph 49 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

50.     The allegations in the first and third sentences of paragraph 50 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.  NMFS denies the allegations in the second, fourth, and sixth sentences of paragraph 50.  The allegations in the fifth sentence of paragraph of 50 are vague and ambiguous, and NMFS denies them on that basis.

51.     The allegations in the first, third, and fourth sentences of paragraph 51 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.  NMFS denies the allegations in the second and fifth through seventh sentences of paragraph 51.

52.     The allegations in the first sentence of paragraph 52 are vague and ambiguous, and NMFS denies them on that basis.  NMFS denies the allegations in the second, fourth, and fifth sentences of paragraph 52.  The allegations in the third sentence of paragraph 52 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

53.     NMFS denies the allegations in paragraph 53.

54.     The allegations in paragraph 54 characterize the IQGs, a document that speaks for itself and is the best evidence of its content.  NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

55.     The allegations in paragraph 55 constitute conclusions of law, which require no response.  To the extent a response is required, NMFS denies the allegations.

56.     The allegations in paragraph 56 characterize the IQGs, a document that speaks for itself and is the

best evidence of its content. NMFS denies any allegation that is inconsistent with the plain language, meaning, and context of that document.

57. NMFS denies the allegations in paragraph 57.

58. Given that paragraph 58 incorporates by reference all of the preceding allegations of the Complaint, likewise NMFS hereby incorporates by reference all of the allegations and averments of this Answer.

59. NMFS denies the allegations in the first through third sentences of paragraph 59. The allegations in the fourth sentence of paragraph 59 are vague and ambiguous, and NMFS denies them on that basis.

60. NMFS denies the allegations in paragraph 60.

61. NMFS denies the allegations in paragraph 61.

62. Given that paragraph 62 incorporates by reference all of the preceding allegations of the Complaint, likewise NMFS hereby incorporates by reference all of the allegations and averments of this Answer.

63. NMFS denies the allegations in paragraph 63.

64. NMFS denies the allegations in paragraph 64.

65. NMFS denies the allegations in paragraph 65.

66. NMFS denies the allegations in paragraph 66.

67. Given that paragraph 67 incorporates by reference all of the preceding allegations of the Complaint, likewise NMFS hereby incorporates by reference all of the allegations and averments of this Answer.

68. The first and second sentences of paragraph 68 purport to characterize portions of FIFRA, a

statute that speaks for itself and is the best evidence of its content. NMFS denies any allegation in the first and second sentences of paragraph 68 that is inconsistent with the plain language, meaning, and context of that statute. NMFS lacks sufficient information and knowledge to form a belief as to the truth of the allegations in the third through fifth sentences of paragraph 68 and on that basis deny them.

69. NMFS denies the allegations in paragraph 69.

70. The first sentence of paragraph 70 purports to characterize the Section 7 regulations, regulations that speaks for themselves and are the best evidence of their content. NMFS denies any allegation in the first sentence of paragraph 70 that is inconsistent with the plain language, meaning, and context of those regulations. NMFS denies the allegations in the second through fifth sentences in paragraph 70.

71. The first sentence of paragraph 71 purports to characterize the Section 7 regulations, regulations that speaks for themselves and are the best evidence of their content. NMFS denies any allegation in the first sentence of paragraph 71 that is inconsistent with the plain language, meaning, and context of those regulations. The second and third sentences of paragraph 71 purport to characterize the 2008 BiOp, a document that speaks for itself and is the best evidence of its content. NMFS denies any allegation in the second and third sentences of paragraph 71 that is inconsistent with the plain language, meaning, and context of that document. NMFS denies the allegations in the fourth sentence of paragraph 71.

72. NMFS denies the allegations in paragraph 72.

73. Given that paragraph 73 incorporates by reference all of the preceding allegations of the Complaint, likewise NMFS hereby incorporates by reference all of the allegations and averments of this Answer.

74. NMFS denies the allegations in paragraph 74.

75.     NMFS denies the allegations in paragraph 75.

The remaining paragraphs, paragraphs 1-4 on page 26 of the Complaint, comprise Plaintiffs' Prayer for Relief and require no response. NMFS denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

NMFS denies any allegation in the Complaint, whether express or implied, that is not expressly admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     The Court lacks jurisdiction over some or all of Plaintiffs' claims.

Dated: May 17, 2011                    Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney
LARRY D. ADAMS
Assistant U.S. Attorney
U.S. Attorney's Office
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

        /s/ Meredith L. Flax

MEREDITH L. FLAX  
Senior Trial Attorney (D.C. Bar # 468016)  
Wildlife & Marine Resources Section  
Ben Franklin Station, P.O. Box 7369  
Washington, D.C. 20044-0663  
Phone: (202) 305-0404  
Fax: (202) 305-0275  

*Attorneys for Federal Defendants*

OF COUNSEL:  
Pamela Lawrence  
NOAA General Counsel's Office  
Silver Spring, MD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOW AGROSCIENCES LLC, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL MARINE FISHERIES SERVICE, *et al.*, ) <br> ) <br> Defendants, ) <br> ) | Civ. No. 09-CV-824-AW |

## **CERTIFICATE OF SERVICE**

To the Court, the parties, and their attorneys of record:

I certify that on this 17th day of May, 2011, a copy of the foregoing Answer was sent automatically by the CM/ECF system to the following attorneys of record:

**David Eric Markert**
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
dmarkert@wileyrein.com

**David B Weinberg**
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
dweinberg@wileyrein.com

**Eric Andreas**
Wiley Rein LLP
1776 K St NW
Washington, DC 20006
eandreas@wileyrein.com

*P Nicholas Peterson*
Wiley Rein LLP
1776 K St. N.W.
Washington, DC 20006
npeterson@wileyrein.com

*David E Menotti*
Crowell and Moring LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004
dmenotti@crowell.com

*Warren U. Lehrenbaum*
Crowell and Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
wlehrenbaum@crowell.com

    /s/ Meredith L. Flax
MEREDITH L. FLAX